**IN THE COURT OF APPEALS OF IOWA**

No. 16-1474
Filed July 19, 2017

**IN THE MATTER OF THE ESTATE OF JERRY DEAN MOHR, DECEASED,**

**JONATHON LANGERMAN,**
    Appellant.

_____

Appeal from the Iowa District Court for Osceola County, Nancy L. Whittenburg, Judge.

A biological son of a decedent appeals after the probate court overruled his motion to strike the amended report and inventory filed by the administrator of the decedent's estate removing the son from the list of "heirs at law" on the report. **AFFIRMED.**

John L. Sandy of Sandy Law Firm, Spirit Lake, for appellant.

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellee Joan Mohr.

Mark C. Cord III of Moore, Heffernan, Moeller, Johnson & Meis, L.L.P., Sioux City, for appellee Pamela Mohr.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Jerry Mohr, a resident of Arizona, died intestate in August 2011. At the time of his death, Jerry owned a one-half interest in 160 acres of farmland in Osceola County, Iowa. This land is the subject of ancillary administration in Osceola County.[1] Based on the establishment of paternity in Arizona, the Iowa estate's administrator, Joan Mohr, Jerry's sister-in-law, filed a probate inventory listing Jonathon Langerman as an heir to the Iowa estate.

Pamela Mohr, Jerry's surviving spouse, filed in Iowa district court a petition for declaratory judgment seeking a declaration that Jerry's biological son, Jonathon Langerman, is not an heir within the meaning of Iowa Code section 633.222 (2011). In 2014, this court affirmed the district court's ruling denying the petition for declaratory judgment. *See Mohr v. Langerman*, No. 13-1422, 2014 WL 5243364, at *1-3 (Iowa Ct. App. Oct. 15, 2014). Though we agreed with Pamela that section 633.222 requires proof of both paternity and recognition to establish heirship, Pamela, as the petitioner seeking the declaration, had the burden of proving the negative of either proposition to prevail. *See id.* at *1-2, *4. Because an Arizona court had already established Jerry is Langerman's biological father, Pamela had to prove Jerry did not recognize Langerman as his child. *See id.* at *3-4. Because Pamela did not meet that burden, we affirmed the denial of her declaratory-judgment petition. *See id.* at *6-10. Pamela's application for further review was denied by the Iowa Supreme Court.

Thereafter, the administrator of Jerry's estate filed a motion to amend the estate's inventory seeking to delete Langerman from the inventory. The

---

[1] *See* Iowa Code §§ 633.500-.504 (2016).

administrator stated Langerman had only been listed on the original inventory "to provide notice" to him of the proceedings. The administrator pointed out that neither this court nor the declaratory-judgment court explicitly found that Langerman *is* Jerry's heir; rather, it was only determined that Pamela failed to prove Langerman *is not* an heir. The administrator also noted Langerman's answers to interrogatories stated he had no personal recollection of seeing or speaking to Jerry. Because the original inventory listing Langerman as an heir was not conclusive of the fact Langerman is Jerry's heir, *see* Iowa Code § 633.367, and because there had been no explicit finding Langerman is Jerry's heir in either the declaratory-judgment action or in our opinion on appeal, the administrator requested the court grant her motion to amend to delete Langerman from the inventory. Resistances and replies and other motions were made by the parties. Following a hearing, the probate court granted the administrator's motion. In its March 23, 2016 ruling, the court noted the administrator's motion did not require the court to make a final determination on the status of Langerman as an heir entitled to take; instead, the motion merely required the court to consider whether the administrator had adequate justification to warrant amending the inventory. The court found the proffered additional information from Langerman's answers to interrogatories "adequate in conjunction with all known facts and circumstances to justify the removal of [the administrator's] designation of Langerman as an heir." But the court also recognized that Langerman was free to challenge the determination once amendment was made.

More filings by the parties followed. Specifically, Langerman filed a motion to reconsider and a motion to stay pending interlocutory appeal. The motion to reconsider was resisted. The district court overruled the motion to reconsider and sustained the motion to stay the proceedings.

In the meantime, the administrator filed the amended report and inventory removing Langerman from the inventory's list of heirs. Langerman then filed an objection to the amended inventory. Langerman stated his "right to be listed in the inventory has already been adjudicated and determined by [the district court in its declaratory-judgment ruling] in this matter and affirmed by the Court of Appeals, with the Supreme Court denying review in the case" and argued the administrator was "collaterally estopped from relitigating these issues by filing and amended inventory." He affirmatively stated he is Jerry's biological son and was "recognized as such by his father and, as such, is entitled to distributive rights to his father's estate." He requested an evidentiary hearing on the matter.

After his motion to reconsider was denied, Langerman filed a motion for ruling on his pending objections to the amended inventory, a motion to strike the amended inventory, a motion for evidentiary hearing, and a notice he was withdrawing his request for stay of proceedings. On August 25, 2016, the probate court entered its ruling overruling Langerman's motion to strike, among other things. The court explained:

> Having read the motions, the resistance, the reply to the resistance and the objection, the court finds that the pending motions filed by Langerman . . . have already been presented to the court and argued in previous hearings and rulings have been filed thereupon. The court has also entertained and ruled upon Langerman's previously filed motion to reconsider [the court's March 23, 2016 ruling, which sustained the administrator's motion

to amend the estate's inventory]. Langerman's request of March 30, 2016 for a stay of these proceedings to appeal the court's previous decision sustaining the amendment to the inventory was granted with Langerman subsequently withdrawing the request for stay and foregoing the appeal of the court's decision regarding the prior motions. Now Langerman attempts to renew before the court the issue of the amendment to the inventory, which has been determined and reconsidered after argument and opportunity of each party to come before the court and fully present each party's position. Langerman disagreed with the court's rulings and moved the court to stay these proceedings pending his appeal of the court's decisions. The court granted his request. Thereafter, for unknown reasons, Langerman asked for the stay of these proceedings to be withdrawn, and the court granted that request as well.

. . . .

In short, Langerman's present motions are an effort to re-litigate matters that have already been litigated fully and fairly before this court. His motions are untimely and not consistent with the Iowa Rules of Procedure. Further, the present motions are repetitive and redundant attempts to re-litigate and improperly resurrect matters that have already been determined by the court. Langerman's recourse was to take an interlocutory appeal of the court's decisions with which he disagreed or file timely, relevant motions. He was given the opportunity of a stay for the purpose of pursuing an appeal, and he determined not to proceed. The court may not, under the Iowa Rules of Civil Procedure, allow him now to re-litigate matters that have already been decided by the court simply because he disagrees with the court's decisions. To do otherwise would be inconsistent with the rules of civil procedure. For the reasons stated, the pending motions . . . are overruled and the resistance sustained.

Langerman sought interlocutory appeal of the probate court's denial of his motion to strike the amended inventory. The Iowa Supreme court granted Langerman's application "[t]o the extent the August 25, 2016 order is interlocutory in nature." The administrator and Pamela Mohr both filed motions to dismiss the appeal, asserting Langerman's appeal was untimely, among other things. The supreme court ordered that those motions be submitted with the appeal. The court then transferred the appeal to this court.

In this appeal, Langerman does not claim the administrator in some way violated the probate court's ruling sustaining the administrator's motion to amend. Rather, he asserts the probate court erred in failing to apply principles of res judicata/claim preclusion when it refused to strike the amended inventory that deleted him as an heir, "even though his status as an heir on the inventory had already been determined by a final judgment in a separate lawsuit involving the same parties and affirmed by the Court of Appeals." Langerman cites an earlier ruling by the probate court—made by a different judge prior to the filing of our opinion—stating the declaratory-judgment court's ruling implicitly, if not explicitly, determined "Langerman remains an heir of this estate" and "shall continue to be considered as an heir" unless it was "later determined to the contrary from the appeal now pending." Additionally, referencing section 633.364, Langerman asserts his answers to interrogatories and the rulings in the declaratory-judgment action did not result in new information previously unknown by the administrator to justify the amendment.

In response, the administrator and Pamela (hereinafter collectively "appellees") requested the appeal be dismissed, asserting Langerman failed to timely file the application for interlocutory appeal. They also argue Langerman failed to preserve error concerning issue preclusion. The administrator also argues the declaratory-judgment ruling had no preclusive effect on her since she was not an adversary in the declaratory-judgment action and there was no determination that Langerman is an heir within the meaning of section 633.222. Pamela similarly asserts the declaratory-judgment ruling did not preclude the

administrator from amending the inventory, since there was no determination that Langerman is an heir.

Assuming without deciding Langerman's application for interlocutory appeal was timely filed, we find no error in the probate court's determination that Langerman's motion to strike should be overruled.[2]  First, because the challenged ruling here—the probate court's ruling on Langerman's motion to strike—does not address Langerman's res judicata or collateral estoppel claims, those issues are not preserved for our review.  *See Estate of Gottschalk by Gottschalk v. Pomeroy Dev., Inc.*, 893 N.W.2d 579, 585 (Iowa 2017) ("A party must ordinarily raise an issue in the district court and the district court must decide that issue before we may decide it on appeal. . . .  "[I]f the court does not actually rule on the claim asserted, a party must seek an expanded ruling to preserve it.").  But even if they were preserved, we do not find those principles apply here to prevent the administrator from amending the estate's inventory.

---

[2] Langerman argues our review is for errors at law because his claims here are based upon the court's ruling upon legal issues, citing *Hansen v. Central Iowa Hospital Corp.*, 686 N.W.2d 476, 480 (Iowa 2004).  Appellees assert our review is de novo since the underlying action is in equity and Langerman's motion to strike does not fall into any categories listed in Iowa Code section 633.33 to exclude it from an equitable review.  *See In re Estate of Whalen*, 827 N.W.2d 184, 187 (Iowa 2013) ("Probate actions are tried in equity, except in specific delineated circumstances not applicable here."); *see also* Iowa R. App. P. 6.907.  We note that in ordinary civil actions, "courts have considerable discretion to allow amendments at any point in the litigation," even permitting amendments "to conform to the proof offered at trial," and in those cases, the court's decision should only be reversed "if it has abused that discretion."  *Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015).  Because a de novo review is generally more favorable to the appellant, and appellees are not opposed, we use that standard here; nevertheless, we note that we would reach the same conclusion using the other standards of review.  *See, e.g.*, *In re Hagan's Will*, 14 N.W.2d 638, 641 (Iowa 1944) ("However, we reach the same conclusion, whether the cause is triable de novo or merely reviewable on errors of law."); Jonathan B. Warner, *Reviewing Standards of Review*, 60 Res Gestae, no. 5, Dec. 2016, at 38 ("De novo review is the ideal standard for a party who has raised an issue on appeal.  Under this standard of review, the court on appeal gives no deference to the judgment of the trial court on the issue raised.").

Langerman's entire argument arises from his belief that the declaratory-judgment court implicitly, if not explicitly, determined Langerman is Jerry's heir within the meaning of section 633.222. That is not the case.

Pamela's failing to prove Langerman is not an heir did not establish that Langerman *is* an heir.[3] The declaratory-judgment court expressly found only that the "weight of the evidence does not persuade the court one way or another. . . . The circumstantial evidence of [Jerry's] life does not establish by clear and convincing evidence whether or not Jerry . . . recognized [Langerman]." Thus, the court entered no judgment declaring Langerman *is* Jerry's heir. No court since has ruled Langerman is Jerry's heir. We concluded Pamela did not carry her burden of proving that Jerry did not recognize Langerman. *Mohr*, 2014 WL 5243364, at *10. The probate court, in subsequent rulings, did not rule Langerman is Jerry's heir. In its March 23, 2016 ruling on the administrator's motion to amend inventory, the court specifically stated the "Motion to Amend the Initial Inventory does not require the Court to make a final determination on the status of Langerman as an heir entitled to take. That question remains open and subject to subsequent challenge." In an October 18, 2016 ruling, the court concluded Langerman "has not proven himself an heir in Iowa." Because the issue has not been decided and no judgment declaring Langerman to be Jerry's heir was ever entered, the principles of res judicata do not apply to preclude the

---

[3] Langerman's reasoning commits the fallacy of *argumentum ad ignorantiam*, which is "the mistake that is committed whenever it is argued that a proposition is true simply on the basis that it has not been proved false, or that it is false because it has not been proved true." *See Alabama-Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d 1250, 1257 (11th Cir. 2007) (citing Irving M. Copi & Carl Cohen, *Introduction to Logic* 93 (8th ed. 1990)); Douglas Lind, *Logic & Legal Reasoning* 290-91 (2nd ed. 2007).

amendment to the inventory. *See Clarke Cnty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 177 (Iowa 2015) ("Issue preclusion, a form of res judicata, is based on a prior judgment. So, too, is claim preclusion." (citation omitted)). Given there was not a finding that Langerman is Jerry's heir in or after the declaratory-judgment litigation, and that section 633.364 permits the inventory to be amended when additional information becomes available to knowledge of a personal representative, we find no error or abuse of discretion by the probate court's determination that Langerman's motion to strike should be overruled. After all, the administrator was only doing what she was permitted by the court to do.

It is unclear why Langerman did not, in the declaratory-judgment action, ask the court to make an affirmative determination that he is Jerry's heir. We can only speculate that he did not want to shoulder the burden of proof. His failure to take on that burden does not help his cause here. *See, e.g.*, *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 850 (2014) (assuming a similar outcome in a declaratory-judgment matter where "the form of the action could create postlitigation uncertainty about the scope of the patent" at issue in the case). Nevertheless, as the probate court pointed out, Langerman's deletion from the inventory does not preclude him from establishing he is an heir—specifically that he was recognized by Jerry as his son. *See, e.g.*, *In re Estate of Evjen*, 448 N.W.2d 23, 25 (Iowa 1989) ("For an illegitimate child to be considered an heir, recognition need not be universal or so general and public as to have been known by all. . . . If the father denies paternity, as opposed to openly acknowledging it, recognition is less likely to be found. . . . Here, there is no

evidence that [the decedent] ever denied paternity." (citations omitted)); *In re Wulf's Estate*, 48 N.W.2d 890, 894 (Iowa 1951) ("It is generally held the recognition need not be 'universal or so general and public as to have been known by all'; need not be continuous, 'covering the whole period up to and including the time of the death of the putative father.'" (citation omitted)); *In re Clark's Estate*, 290 N.W. 13, 30 (Iowa 1940) ("A general and notorious recognition does not necessarily mean a continuous recognition covering the whole period up to and including the time of the death of the putative father. A recognition clearly shown to have been once deliberately and publicly made, made under circumstances that reveal no apparent motive to conceal, meets the requirements of the statute."). Langerman filed an objection to the amended inventory. There, he asserted he "is the biological son of Jerry Dean Mohr and recognized as such by his father and, as such, is entitled to distributive rights to his father's Estate." It does not appear that the probate court's ruling and order of August 25, 2016, addresses Langerman's objection to the amended inventory. That matter is left for another day.

For the foregoing reasons, we affirm the probate court's ruling overruling Langerman's motion to strike the administrator's amendment to the inventory.

**AFFIRMED.**