**IN THE COURT OF APPEALS OF IOWA**

No. 18-1120
Filed March 6, 2019

**BRETT A. JOHNSON,**
　　　　Plaintiff-Appellant,

**vs.**

**SHAWN W. LEONARD,**
　　　　Defendant-Appellee.
_____

　　　　Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.


　　　　Plaintiff appeals from the district court's grant of summary judgment on his

claim for unjust enrichment. **AFFIRMED.**


　　　　Andrew B. Howie and James R. Hinchliff of Shindler, Anderson, Goplerud

& Weese, P.C., West Des Moines, for appellant.

　　　　Brian J. Fagan and Nicholas Petersen of Simmons Perrine Moyer Bergman

PLC, Cedar Rapids, for appellee.


　　　　Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Plaintiff Brett Johnson appeals from an adverse grant of summary judgment on his claim for unjust enrichment against defendant Shawn Leonard. Johnson's claim arises out of and is related to an independent contractor freight brokerage agreement he entered into with a third party. The third party also has a freight brokerage relationship with Leonard and Leonard's company. Johnson claims Leonard was unjustly enriched when Johnson voluntarily entered into the independent contractor freight brokerage agreement with the third party and the third party reduced an obligation Leonard owed the third party in exchange for, among other things, the release of Johnson's non-compete agreement. The district court held there was no disputed issue of material fact and Leonard was entitled to judgment as a matter of law.

Our review is for the correction of legal error. *See Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). Having considered the plaintiff's arguments, we conclude the district court did not err in granting the defendant's motion for summary judgment. Even assuming the defendant was enriched at the plaintiff's expense, it is not unjust to allow the defendant to retain the benefit under the circumstances presented. *See State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154 (Iowa 2001) (setting forth elements of a claim of unjust enrichment); *id.* at 155 ("[A] plaintiff who has an independent obligation to a third person cannot maintain an

action for unjust enrichment against a defendant who is incidentally benefitted by the performance of that obligation to the third person."); *see also Credit Bureau Enters., Inc. v. Pelo*, 608 N.W.2d 20, 25 (Iowa 2000), *superseded by statute on other grounds* 1996 Iowa Acts ch. 1183, § 24; *W. Branch State Bank v. Gates*, 477 N.W.2d 848, 851-52 (Iowa 1991).

We affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**