# IN THE COURT OF APPEALS OF IOWA

No. 19-1512
Filed October 21, 2020

**XAVIER GARRETT DEY WYNN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman J. McAllister,

Judge.

Xavier Garrett Dey Wynn appeals the district court's denial of his motion to

amend his postconviction relief application. **AFFIRMED.**

Lori L. Nelson of The Sayer Law Group, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Xavier Garrett Dey Wynn appeals the district court's denial of his application for postconviction relief (PCR). Wynn claims the district court abused its discretion by denying his motion to amend his PCR application to include a challenge to his jury venire. Because the district court did not abuse its discretion in determining this amendment would substantially change the issues, we affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS

In 2016, Wynn was found guilty of third-degree sexual abuse, assault causing bodily injury, and third-degree criminal mischief following a jury trial. Wynn appealed, and we affirmed the conviction. *State v. Wynn*, No. 16-2150, 2018 WL 769272, at *1 (Iowa Ct. App. Feb. 7, 2018).

In October 2018, Wynn filed a PCR application. After the court appointed counsel, his application was amended twice—once in December 2018 and again in January 2019. In his second amended application, Wynn asserted multiple claims of ineffective assistance by his counsel.

At the beginning of the July 22, 2019 PCR trial, counsel stated, "When Mr. Wynn and I spoke on the phone just prior to going on the record today, he advised me that he would like to present one additional issue that is not in the second amended [application]." Wynn testified concerning his complaints about trial counsel's performance in relation to the issues raised in his amended applications. Wynn then asserted there were no persons of color on the jury and stated, "I feel like I didn't have a diverse jury of my peers."

The State objected to Wynn's belated challenge to the makeup of the jury. The State noted the parties had taken trial counsel's deposition and agreed that it

would be submitted as trial counsel's testimony. Because the deposition was taken before the jury claim was raised, the State did not question trial counsel about whether there were grounds to object to the makeup of the jury. In addition, the State noted Wynn's trial took place in 2016, before our supreme court clarified the fair-cross section requirement in *State v. Plain.* 898 N.W.2d 801, 821–27 (Iowa 2017) (holding parties challenging representativeness of jury pools under fair-cross section requirement of Sixth Amendment may base their challenges on multiple analytical models).

In its written ruling, the district court denied Wynn's request to amend:

> The court agrees that the late amendment would prejudice the State. Accordingly, the oral amendment to amend the petition to add a claim based on a challenge to the racial composition of the jury pool that heard the underlying criminal case is denied. However, the court makes no findings and reaches no legal conclusions as to the applicant's ability to raise his claim related to the jury composition in a separate application for postconviction relief as that matter is not before the court.

The court concluded Wynn had failed to establish trial counsel was ineffective and dismissed his application for PCR.

Wynn appeals, challenging only the court's denial of his request to amend.

## II. STANDARD OF REVIEW

Our review of the district court's denial of Wynn's motion to amend is for an abuse of discretion. *See Struve v. Struve*, 930 N.W.2d 368, 375 (Iowa 2019). "Denial of a motion to amend will only be reversed where a clear abuse of discretion is shown." *Daniels v. Holtz*, 794 N.W.2d 813, 817 (Iowa 2010).

## III. DISCUSSION

Wynn claims the State should have anticipated his jury challenge after the *Plain* decision. The fundamental problem with this assertion is that the State is not required to anticipate challenges. It is an applicant's case to make and the applicant's burden to prove the allegations made. *See Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014) (noting that to succeed on a claim of ineffective assistance of counsel, a PCR applicant "must prove by a preponderance of evidence '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice'" (citation omitted)).

In addition to the procedures contemplated in Iowa Code chapter 822 governing PCR actions, Iowa Rule of Civil Procedure 1.402(4) expressly permits a party to

> amend a pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within [twenty] days after it is served. Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires.

Our supreme court has long found that "amendments should be the rule and denial should be the exception." *Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015); *see also Barnes v. State*, No. 15-1644, 2017 WL 4317283, at *3–4 (Iowa Ct. App. Sept. 27, 2017). Amendments should be granted "so long as the amendment does not substantially change the issues in the case" or "if the opposing party is not prejudiced or unfairly surprised" by the substantial change. *Baker*, 867 N.W.2d at 51. "District courts have considerable discretion to allow

amendments at any point in the litigation," and appellate courts should "only reverse the district court's decision if it has abused that discretion." *Id.*

Wynn sought to amend his application to add an entirely separate and new claim. No discovery or preparation was done by either party for this claim. While Wynn testified, he was unable to provide evidence regarding the number of African-Americans called for jury service the day of his trial or historically. Obtaining this information would require additional discovery. Wynn's trial counsel had also not been deposed on the issue and was not present to testify per the parties' agreement. Given these circumstances, the trial court did not clearly abuse its discretion in denying the amendment. We therefore affirm.

**AFFIRMED.**