# IN THE SUPREME COURT OF IOWA

No. 15–0852

Filed September 23, 2016

Amended November 23, 2016

**DENNIS L. SMITH,**

Appellee,

vs.

**IOWA STATE UNIVERSITY OF SCIENCE AND TECHNOLOGY, STATE OF IOWA,**

Appellants.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Story County, Kurt J. Stoebe, Judge.

A former employee of a state university who successfully sued that university for intentional infliction of emotional distress and a statutory whistleblower violation seeks further review of a court of appeals decision reversing the district court's award of attorney fees and remanding for further proceedings. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Solicitor General, and Diane M. Stahle (until withdrawal), Assistant Attorney General, for appellants.

William W. Graham and Aimee R. Campbell of Graham, Ervanian & Cacciatore, L.L.P., Des Moines, for appellee.

**PER CURIAM.**

The defendants Iowa State University and the State of Iowa (collectively ISU) appeal the district court's decision awarding the plaintiff Dennis Smith all of his requested attorney fees. For the reasons set forth herein, we conclude that Smith is not entitled to all fees as awarded by the district court, and we therefore reverse and remand this case for further proceedings. However, we do not agree with the court of appeals concerning what must occur on remand. It is not necessary, in our view, for Smith's counsel to prepare a new affidavit detailing the amount of attorney time spent daily on each litigation task. Hence, on further review, we vacate the court of appeals decision and provide somewhat different directions for remand.

## I. Factual and Procedural Background.

Smith was formerly employed as a technical writer in the engineering department at ISU. The events of this case cover a time period from approximately 2002 to 2010, when Smith's position at the university was eliminated. Our prior opinion contains a detailed discussion of the facts. *See Smith v. Iowa State Univ. of Sci. & Tech.*, 851 N.W.2d 1, 4–17 (Iowa 2014). At trial, Smith initially recovered $500,000 in damages for common-law intentional infliction of emotional distress and $784,027 in damages for statutory whistleblower violations. *Id.* at 17–18; *see* Iowa Code § 70A.28(2) (2007).[1] Other claims were dismissed. *Smith*, 851 N.W.2d at 17.

---

[1]This section provides in part,

> A person shall not discharge an employee from or take or fail to take action regarding an employee's appointment or proposed appointment to, promotion or proposed promotion to, or any advantage in, a position in a state employment system . . . as a reprisal . . . for a disclosure of any information by that employee to . . . any other public official or law enforcement agency if the employee reasonably believes the

In Smith's previous appeal, we affirmed his common-law emotional-distress award in its entirety but reversed most of his whistleblower award. *Id.* at 38. We concluded that to prevail on the statutory whistleblower claim, Smith had to prove he had suffered harm as a result of making reports to a "public official"—namely, ISU President Gregory Geoffroy. This Smith could not do: "[W]e . . . agree with the court of appeals that there is no evidence Smith suffered retaliation for reports of financial improprieties *to President Geoffroy*." *Id.* at 35. Nevertheless, we left in place a portion of the statutory whistleblower award—i.e., the $150,000 in damages for harm to reputation—based on ISU's failure to preserve error. *Id.* at 38. We reversed in part and remanded for further proceedings. *Id.*

On remand, Smith sought recovery of essentially all his attorney fees incurred in this litigation (and in some other satellite proceedings). The basis for Smith's request was that Iowa's whistleblower statute authorizes awards of attorney fees. It provides,

> A person who violates subsection 2 is liable to an aggrieved employee for affirmative relief including reinstatement, with or without back pay, or any other equitable relief the court deems appropriate, *including attorney fees and costs.*

Iowa Code § 70A.28(5)(*a*) (emphasis added). Otherwise, in Iowa, attorney fees are generally not recoverable in the absence of a statute or a contractual provision that permits their recovery. *See Branstad v. State*

---

information evidences a violation of law or rule, mismanagement, a gross abuse of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

Iowa Code § 70A.28(2).

*ex rel. Nat. Res. Comm'n*, 871 N.W.2d 291, 294 (Iowa 2015); *Bethards v. Shivvers, Inc.*, 355 N.W.2d 39, 47 (Iowa 1984).

Although the statutory whistleblower claim was only one of Smith's claims, and he recovered only $150,000 on that claim, the district court awarded Smith $368,607.35 in fees and costs, amounting to virtually all of Smith's attorney fees incurred in this litigation and the other administrative and legal matters.[2] The district court reasoned that "all of the plaintiff's claims, successful and unsuccessful, involved a common body of facts" and that it would be "impractical to require the Court to sift through all of the legal work to determine whether each hour was related to a particular claim."

ISU once again appealed. It argued that the attorney-fee award should be reduced for work not performed on the whistleblower claim and to account for an overall lack of success on that claim.

On appeal, we transferred the case to the court of appeals. That court concluded the district court had abused its discretion by failing to take into consideration that "a large part of Smith's whistleblowing claim—the only claim that permitted the recovery of attorney fees—was set aside by the supreme court in light of the lack of proof on the issue of causation." The court of appeals also faulted the district court for failing to consider that "the main portion of Smith's recovery—$500,000.00 of the total $650,000.00 awarded—was based on the emotional distress claim, which is a tort claim that does not permit the recovery of attorney

---

[2]The district court declined to award some of the costs sought by Smith but granted his entire attorney fee application. Smith omitted from that application several thousand dollars' worth of attorney fees related to the preparation of his unsuccessful petition for rehearing in this court.

fees." Accordingly, the court of appeals reversed and remanded. In addition, it stated,

> On remand, the court should direct Smith's counsel to submit an attorney fee affidavit that better details the amount of time spent on each task, rather than using block billing that specifies only daily activities but does not indicate how much time was spent on each task.

One judge on the court of appeals panel dissented. He found that Smith could recover all of his attorney fees because all of his claims were tethered to a "common core of facts." Also, he noted that the district court stated it would have awarded the $500,000 in emotional distress damages as statutory whistleblower damages if it had been necessary to do so. We granted Smith's application for further review.

## II. Standard of Review.

As we have previously stated,

> We review a challenge to a district court's grant of attorney fees for an abuse of discretion. We will reverse a court's discretionary ruling only when the court rests its ruling on grounds that are clearly unreasonable or untenable. When reviewing an attorney fees award for an abuse of discretion, we will correct erroneous applications of the law.

*NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 469 (Iowa 2010) (citations omitted).

## III. Legal Analysis.

We agree with the court of appeals that the district court abused its discretion in awarding Smith all of his requested attorney fees on the ground that this case presented a "common core of facts." Two points should be noted here. First, in considering whether a claim for which attorney fees are available and claims for which they are unavailable arise out of a common factual core, we need to focus on the underlying purpose of this inquiry. The ultimate question is whether the work for

which recovery is sought can be "deemed to have been 'expended in pursuit of'" a claim for which attorney fees *are* recoverable. *See Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40, 51 (1983) (quoting *Davis v. Cty. of Los Angeles*, No. 73-63-WPG, 1974 WL 180, at *3 (C.D. Cal. June 5, 1974)). A defendant should not be immunized "against paying for the attorney's fees that the plaintiff reasonably incurred in remedying" the violation for which attorney fees were recoverable. *See Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205, 2214, 180 L. Ed. 2d 45, 54 (2011).

Here, Smith asserted a number of different claims, but fees could only be recovered for the statutory whistleblower claim, which was based specifically upon Smith's reporting to President Geoffroy in August 2007 and alleged adverse consequences flowing from that reporting. Therefore, it would not be accurate to say that *all* of Smith's fees were reasonably spent "in pursuit of" this whistleblower claim. As ISU points out, Smith's attorneys spent considerable time exclusively on issues related only to the common-law emotional distress claim and on other matters such as a separate open-records lawsuit and an administrative proceeding alleging age discrimination. This unrelated time was not "devoted generally to the litigation as a whole." *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1940, 76 L. Ed. 2d at 51.

Second, when a plaintiff achieves only "partial or limited success" on the claim for which attorney fees are recoverable, a reduction in the fee award may be appropriate even if the entire lawsuit flows from a common core of facts. *See id.* at 436, 103 S. Ct. at 1941, 76 L. Ed. 2d at 52. The district court did not consider this issue, ending its analysis once it had concluded (erroneously in our view) that every aspect of the litigation arose out of a common core of facts.

As we have already noted, our prior appellate decision found "no evidence Smith suffered retaliation for reports of financial improprieties *to President Geoffroy*." *Smith*, 851 N.W.2d at 35. Most of the $784,027 whistleblowing judgment was accordingly reversed. Smith recovered only $150,000 in reputational damages on this claim, and he recovered this amount only because ISU had failed to preserve error on the reputational damages. *Id.* at 38. Hence, Smith attained only partial or limited success on the statutory whistleblower claim.

In sum, given what the record shows both about the time Smith's counsel devoted to unrelated matters for which attorney fees are not authorized and Smith's partial, limited success on the statutory whistleblower claim that is the only basis for awarding attorney fees, we think the district court's attorney fee ruling amounted to an abuse of discretion.

> We reaffirm today what we have held in the past:

> In determining an appropriate fee award in this case, the district court should consider the general principles governing attorney fee awards in actions in which plaintiffs are only partially successful. Thus, to the extent [the plaintiff's] unsuccessful claims for retroactive relief were unrelated to her successful claims for prospective relief, the court may not award fees or costs she obviously incurred in pursuing only the unsuccessful claims. But to the extent counsel devoted time "generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis," the court may "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." The court may properly award any fees incurred in the litigation involving "a common core of facts" or "based on related legal theories." Nevertheless, the court ultimately must consider the reasonableness of the hours expended on the litigation as a whole in light of the degree of success actually obtained.

*Lee v. State* (*Lee III*), 874 N.W.2d 631, 648–49 (Iowa 2016) (citations omitted) (quoting *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1941, 76 L. Ed. 2d at 51–52).[3]

*Lee III* requires a two-step process to be followed in awarding fees under a fee-shifting statute. First, while fees can be awarded for time devoted generally to the litigation as a whole, the district court should make an appropriate reduction for unrelated time spent on unsuccessful claims—or as here, unrelated time spent on claims for which fees are not recoverable. Then, after this initial step has been performed, if the plaintiff only obtained partial or limited success on the claim for which the legislature has authorized fees, the court must consider the reasonableness of the hours expended in light of this ultimate result.[4] The second step may warrant a further reduction. In this case, on remand, the district court should follow the *Lee III* steps.[5]

---

[3]Smith suggests at one point that the *Hensley/Lee III* principles may not apply here because the language of Iowa Code section 70A.28(5)(*a*) does not require him to be a prevailing party in order to recover fees. We disagree. The statute states that one who violates section 70A.28(2) is liable to the aggrieved employee for "affirmative relief including reinstatement, with or without back pay, or any other equitable relief the court deems appropriate, including attorney fees and costs." Thus, the only thing the statute makes clear is that the plaintiff must prove a violation of section 70A.28(2) as a condition to getting *any* fees. We think the *Hensley/Lee III* principles fill in the gaps in this statute, as they do in other fee-shifting situations.

[4]This principle was also on display in *Hensley*:

> We are unable to affirm the decisions below, however, because the District Court's opinion did not properly consider the relationship between the extent of success and the amount of the fee award. . . . We emphasize that the inquiry does not end with a finding that the plaintiff obtained significant relief. A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.

461 U.S. at 438–40, 103 S. Ct. at 1942–43, 76 L. Ed. 2d at 54.

[5]Smith argues that the $500,000 in intentional infliction of emotional distress damages also should be treated as statutory whistleblower damages. That is because the district court in its original order indicated Smith would have been entitled to the same $500,000 as statutory whistleblower damages but did not award them to avoid

However, we do not agree with the court of appeals that Smith's counsel must submit more detailed time records to the district court, identifying for each day of billing the amount of time spent on each task. This would be a substantial undertaking, assuming the original bills do not contain that information. And precedent does not require it. To the contrary, *Hensley* indicates that "[t]here is no precise rule or formula for making these determinations" and "[a] request for attorney's fees should not result in a second major litigation." 461 U.S. at 436–37, 103 S. Ct. at 1941, 76 L. Ed. 2d at 52–53. *Hensley* adds that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433, 103 S. Ct. at 1939, 76 L. Ed. 2d at 50. Thus, while Smith's counsel should not be entitled to *a presumption* that time was spent on the litigation as a whole just because his billing records lack detail, any lack of necessary detail can be taken into account with an appropriate discount or reduction.[6]

_____

duplicate recoveries. However, in the prior appeal, ISU made a contingent argument that Smith could not have recovered emotional distress damages under the whistleblower statute because they do not qualify as "other equitable relief." *See* Iowa Code § 70A.28(5)(*a*). Smith responded that ISU had failed to preserve error by not filing a rule 1.904(2) motion directed at this aspect of the district court's ruling, although this observation by the court did not actually result in any relief being granted to Smith. We did not reach these arguments because we affirmed the $500,000 as common-law emotional distress damages.

[6]To support his attorney fees application, Smith originally submitted his billing records in redacted form. Apparently he later put unredacted versions into evidence. We agree that the unredacted versions should be submitted. Absent "unusual circumstances," production of billing records does not invade the attorney–client privilege, and such records as are available should be produced. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344–46 (Fed. Cir. 2011). Our present point is simply that when the actual billing records do not reflect how much time was spent on each task during each day, this should not be a *sine qua non* of any attorney fee recovery. Nothing prevents an attorney from providing additional details that were missing from the contemporaneous billing records, but a reliance on "block billing" in those records should not bar all recovery.

Further, we do not agree with ISU that the district court must make dollar-by-dollar attorney fee reductions for time spent on matters such as an overlong proof brief. (Smith did file a motion to exceed the page limit, but our court denied the motion.). Rarely is litigation an unbroken string of successes. Just about every legal proceeding involves setbacks. *See Hensley,* 461 U.S. at 440, 103 S. Ct. at 1943, 76 L. Ed. 2d at 55 (noting that a plaintiff should not have his attorney fees reduced "simply because the district court did not adopt each contention raised"). While the district court may certainly take items like the overlong brief into account when it exercises its discretion in crafting a fee award, it is not required to "sift through all the legal work done." *Vaughan v. Must, Inc.,* 542 N.W.2d 533, 541 (Iowa 1996). Moreover, there is no "rigid formula" that must be followed. *See id.* It is not necessary "to tie the recovery of fees to a precise ratio of the amount of damages awarded." *Id.* Thus, in *Vaughan* we upheld the district court's decision to award seventy-five percent of the plaintiff's attorney fees, a total of $21,261, in a case where the plaintiff prevailed on his claim of age discrimination but recovered only approximately twenty percent of his original demand for damages. *Id.* at 541–42.

**IV. Conclusion.**

For the foregoing reasons, we vacate the decision of the court of appeals and reverse that aspect of the district court's judgment awarding attorney fees to Smith. We remand for further proceedings at which the district court should consider adjustments in the requested fee award for time spent on matters clearly unrelated to the statutory whistleblower claim as well as for Smith's partial success on that claim. The district court also should consider whether attorney fees ought to be awarded for this appeal. *See Worthington v. Kenkel,* 684 N.W.2d 228, 234 (Iowa

2004). The court should support its determinations with findings of fact. *See Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 834 (Iowa 2009). "[W]hatever methodology the court employs, it must provide in its order 'a concise but clear explanation of its reasons for the award.' " *Lee III*, 874 N.W.2d at 650 (quoting *Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941, 76 L. Ed. 2d at 53).

Costs on appeal are divided equally.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

This opinion shall be published.