# IN THE COURT OF APPEALS OF IOWA

No. 17-2034
Filed September 12, 2018

IN RE THE MARRIAGE OF AMY A. WIDDISON
AND HAROLD K. WIDDISON

Upon the Petition of
AMY A. WIDDISON, n/k/a AMY A. DENDY,
    Petitioner-Appellee,

And Concerning
HAROLD K. WIDDISON,
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Nancy L. Whittenburg, Judge.

Harold Widdison appeals the order modifying the child-visitation and child-support provisions of the decree dissolving his marriage. **AFFIRMED AS MODIFIED.**

Harold K. Widdison, Sioux City, self-represented appellant.

Amanda Van Wyhe of Van Wyhe Law Firm & Mediation Center, PLC, Sioux City, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ. Carr, S.J., takes no part.

**DOYLE, Judge.**

Harold Widdison appeals the order modifying the child-visitation and child-support provisions of the decree dissolving his marriage to Amy Widdison, now known as Amy Dendy. He seeks an increase in child visitation and a decrease in the amount of his child support obligation. He also challenges the portion of the order requiring him to pay Amy's attorney fees.

**I. Background Facts and Proceedings.**

Harold and Amy were married from 1995 until 2015. The parties stipulated to matters of child custody, visitation, and support, and the district court incorporated their stipulation into the decree dissolving the marriage. The decree granted the parties joint legal custody of the children, with Amy receiving physical care of their three children during the school year. Harold's visitation during the school year alternated weekly: from 3:30 p.m. on Thursday to 8:00 a.m. on Monday one week, and from 3:30 p.m. until 9:00 p.m. on the Wednesday and Thursday of the next week. The decree memorialized Amy and Harold's agreement to alternate physical care of the children each week during the summer school break. It also ordered Harold to pay $800 per month in child support until only one child was entitled to support, at which time the amount would be reduced to $600 per month. About fifteen months after its entry, Harold petitioned to modify the decree, arguing that each parties' remarriage and his decreased earnings after entry of the dissolution decree amounted to a substantial change in circumstances warranting modification. Harold asked the court to grant the parties joint physical care of the children and reduce the amount of his child support obligation. Amy also alleged a change in circumstances warranted modification,

citing Harold's "strained relationship" with the children, a decline in their mental health, and other conflicts. She requested Harold's visitation be reduced.

Trial was held on the modification action in February 2017. The record was reopened in September 2017 to allow Amy to submit additional evidence. Specifically, Amy submitted evidence that Harold and his wife were arrested and charged with domestic abuse in August 2017, though the charges were dismissed shortly thereafter.

On December 1, 2017, the district court entered an order modifying the child-visitation and child-support provisions of the dissolution decree. It found Harold failed to prove the parties' remarriage was a substantial change in circumstances that warranted modification of child custody. The court pointed out that "Remarriage after divorce is common and within the contemplation of a trial court." It noted Amy testified it was anticipated at the time of the dissolution that each party would remarry and that "Harold did not disagree with or otherwise dispute that testimony." The court found the parties had satisfied the lower burden of showing a significant change in circumstances that warranted modification of child visitation. The court modified the visitation schedule, changing the start of Harold's alternating weekend visitation to Friday afternoon rather than Thursday afternoon. It also reduced the amount of his Thursday-evening visitation by one hour, ending it at 8:00 p.m. rather than at 9:00 p.m. The court modified Harold's child support obligation to $396 per month from June through August, lowering the obligation to $258 per month when only one child is eligible for support. For the school-year months of September through May, the court ordered Harold to pay Amy $1015 per month in child support, lowering the obligation to $710.50 when

only one child is eligible for support. Finally, the court ordered Harold to pay $6,688

for one half of Amy's attorney fees.

Harold appeals.[1]

## II. Discussion.

We review modification proceedings de novo. *See In re Marriage of Harris*,

877 N.W.2d 434, 440 (Iowa 2016). In doing so, we look at the entire record and

decide anew the factual and legal issues preserved and presented for review. *See*

*In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). "We give

---

[1] It is the appellant's duty to prepare and file an appendix containing parts of the district court record designated by the parties. *See* Iowa R. App. P. 6.905(2). We note the appendix here violates Iowa Rule of Appellate Procedure 6.905 in a number of respects, including the order of the documents. *See* Iowa R. App. P. 6.905(6). Portions of a court reporter's transcript of testimony were included in the appendix. The table of contents did not state the name of each witness whose testimony was included. *See* Iowa R. App. P. 6.905(4)(b). The most troublesome violation pertains to rule 6.905(7), which concerns transcripts of proceedings and depositions. The rule requires the appellant to insert the name of the witness whose testimony is included in the appendix at the top of each page it appears in the appendix. *See* Iowa R. App. P. 6.905(7)(c). Additionally, the rule directs the appellant to place transcript page numbers in brackets and indicate any omission of transcript pages with three asterisks. *See* Iowa R. App. P. 6.905(7)(d), (e). Our mention of Harold's failure to comply with rule 6.905 is not just nitpicking; "[r]ule compliance lightens the court's burden and promotes judicial efficiency because compliance begets uniformity, and uniformity eases the court's navigation through the thousands of briefs and appendices it reviews each year." *City of Monroe v. Nicol*, 898 N.W.2d 899, 901 (Iowa Ct. App. 2017); *accord Albert v. Conger*, 886 N.W.2d 877, 885 (Iowa Ct. App. 2016) ("These visual clues alert us to a break in the continuity of a witness's testimony, thus facilitating our reading and understanding of the scads of transcript pages we must review each day.").
     Self-represented or not, Harold, an attorney, is expected to follow applicable rules. It has long been the rule that procedural rules apply equally to parties who are represented by counsel and to those who are not. *See In re Estate of DeTar,* 572 N.W.2d 178, 180 (Iowa Ct. App. 1997).
     We note that Harold's appellate briefing includes self-serving testimonial-like statements and references matters outside the record. We disregard any evidence not presented to the court during the trial. *See Rasmussen v. Yentes*, 522 N.W.2d 844, 846 (Iowa Ct. App. 1994) ("Facts not properly presented to the court during the course of trial and not made a part of the record presented to this court will not be considered by this court on review."); *In re Marriage of Keith*, 513 N.W.2d 769, 711 (Iowa Ct. App. 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded.").

weight to the findings of the district court, particularly concerning the credibility of witnesses; however, those findings are not binding upon us." *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Furthermore, "the district court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006) (cleaned up).[2]

### A. Visitation.

Harold contends the court erred in modifying the visitation provisions of the decree to decrease rather than increase the amount of his visitation with the children.[3] To modify child visitation, a parent must show there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children. *See In re Marriage of Brown*, 778 N.W.2d 47, 51-52 (Iowa Ct. App. 2009). Because Harold does not dispute the

---

[2] "Cleaned up" is a relatively new parenthetical used to indicate that internal quotation marks, alterations, and citations have been omitted from quotations for readability purposes. *See United States v. Steward*, 880 F.3d 983, 986 n.3 (8th Cir. 2018); Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (Fall 2017).

[3] At the end of the argument in his brief and more thoroughly addressed in his reply brief, Harold alleges the district court erred in allowing Amy to amend her answer to counterclaim for a decrease in Harold's visitation. He argues the court should not have granted Amy's motion for leave to amend, filed on December 22, 2016, because it was filed too close to trial, which began on February 7, 2017.

We review the court's grant of a motion to amend for an abuse of discretion. *See Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015). Because the district court has considerable discretion to allow amendments at any point in the litigation, we will only reverse if the district court has abused its discretion. *See id.* Permitting amendments should be rule; denial should be the exception. *See id.* As long as the amendment does not substantially change the issues in the case, the court should allow it. *See id.* Even if the amendment substantially changes the issues, it is permitted if the opposing party is not prejudiced or unfairly surprised. *See id.* Such amendments are allowed at any state of the litigation. *See id.*

Harold sought to modify the visitation schedule. Because allowing Amy to modify her petition to counterclaim for modification of the visitation schedule did not substantially change the issues in the case, the court was within its discretion to allow the amendment.

court's finding that there has been a material change in circumstances since entry of the decree, we only consider whether the requested change in visitation is in the best interests of the children.

The legislature has directed the courts to award "liberal visitation rights where appropriate" in order to "assure the child the opportunity for the maximum continuing physical and emotional contact with both parents." Iowa Code § 598.41(1)(a). In determining what visitation is appropriate, our concern, as always, is the children's best interests. *See In re Marriage of Stepp*, 485 N.W.2d 846, 849 (Iowa Ct. App. 1992). Consequently, the court must fashion a visitation schedule that serves the best interests of the children. *In re Marriage of Gensley*, 777 N.W.2d 705, 718 (Iowa Ct. App. 2009).

Although Harold sought to extend the parties' summer visitation schedule— alternate physical care of the children each week—throughout the year, the evidence shows such an arrangement would be contrary to the children's best interests given the amount of conflict between the parties. The parties' conflict has adversely affected the children, as has the transitioning between the parties' homes, especially during the school week. Because the slight decrease in Harold's visitation during the school year eases some of this difficulty, we agree it is in the children's best interests and affirm.

**B. Child Support.**

Harold next contends the district court erred in increasing the amount of his child support obligation. He argues his request to modify his child support obligation was contingent on his request that the court implement "a shared care parenting schedule"; because the court denied his request to modify the parenting

schedule, he claims it should have likewise denied his request to modify child support. Harold further argues that the district court erred in increasing the amount of his child support because Amy did not request any such modification. Finally, he complains the court used an income figure "more than double" his actual income in modifying his child support obligation.

Our review does not reveal anywhere in the record that Amy requested Harold's child-support obligation be modified to increase the amount of his obligation. Without such a request, we agree it was improper to increase the amount of Harold's child-support payment. *Compare In re Marriage of McCurnin*, 681 N.W.2d 322, 328 (Iowa 2004) (rejecting request for credit against future child support for alleged overpayment because appellant "made no request for such a credit in his pleadings, his proposed findings to the district court, or in his post-trial motion to enlarge, amend, and reconsider"), *with In re Marriage of Goodman*, 690 N.W.2d 279, 285-86 (Iowa 2004) (finding issue of medical insurance and unreimbursed medical expenses were before the court where application to modify the decree requested modification in an appropriate fashion and prayer for relief asked the court to set forth the child support obligation and render other relief as was just and equitable; because all orders of support shall include as child medical support a health plan if available, the parties put child medical support at issue), *and Reilly v. Northrop*, 314 P.3d 1206, 1218 (Alaska 2013) (finding father's claim that his child support could not be increased because neither party requested an increase was without merit where father moved to modify his support payment to decrease the amount of support and mother opposed the father's motion, arguing that he should pay more because he was voluntarily unemployed). Accordingly,

we reverse the portion of the order increasing the amount of Harold's child-support obligation.

### C. Issues Raised in Reply Brief.

For the first time in his reply brief, Harold argues the trial court erred in failing to disclose information before the trial began to allow the parties to consider filing a motion for disqualification. Issues may not be raised for the first time in a reply brief. *See Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 641 (Iowa 1996). Accordingly, we will not consider the issue. *See id.*

### D. Attorney Fees.

Finally, Harold challenges the district court's award of $6688 to Amy for one half her trial attorney fees. The trial court may award the prevailing party in a modification action attorney fees in an amount the court deems reasonable. *See* Iowa Code § 598.36. In making this determination, the court must consider, in part, the respective abilities of the parties to pay. *See In re Marriage of Guyer*, 522 N.W.2d 818, 822 (Iowa 1994). We will only overturn an award if the trial court abused its discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). In other words, the trial court's decision must rest on grounds that are clearly unreasonable or untenable. *See Smith v. Iowa State Univ.*, 885 N.W.2d 620, 624 (Iowa 2016). Because the district court acted within its discretion in awarding Amy one half of her trial attorney fees, we affirm.

In a ruling on Amy's application for rule to show cause, the district court found Harold in contempt and ordered him to pay Amy's attorney fees in the

amount of $1899.60. Harold challenges this award.[4] The district court has considerable discretion in awarding attorney fees in a contempt action brought under Iowa Code section 598.24. *See In re Marriage of Hankenson*, 503 N.W.2d 431, 433 (Iowa Ct. App. 1993). On review of the record, we cannot say the district court abused its discretion in awarding Amy her attorney fees associated with the contempt proceeding.

Amy requests an award of her appellate attorney fees. Such an award is a matter of discretion with our court. *See In re Marriage of Witherly*, 867 N.W.2d 856, 861 (Iowa Ct. App. 2015). "Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of Stenzel*, 908 N.W.2d 524, 538 (Iowa Ct. App. 2018) (citation omitted). Considering the income disparity between the parties, we award Amy $3400 in appellate attorney fees.

**AFFIRMED AS MODIFIED.**

---

[4] Harold did not list the ruling as a relevant docket entry in the appendix. *See* Iowa R. App. P. 6.905(2)(b)(2). He did not include the ruling in the appendix nor did he provide the date of the ruling anywhere in his brief. References in briefs to pertinent parts of the record must be made in accordance with Iowa Rule of Appellate Procedure 6.904(4). *See* Iowa R. App. P. 6.903(2)(g)(3). Rule 6.904(4) mandates that "If references are made in the final briefs to parts of the record not reproduced in the appendix, the references must be made to the pages of the parts of the record involved . . . ." Iowa R. App. P. 6.904(4)(b). While we were able to locate the ruling after searching through the 3885-page trial court binder, the search would have been much shorter had we been provided with the date of the ruling.